IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA; and
ARKANSAS DEPARTMENT OF ENERGY &
ENVIRONMENT, Division of
Environmental Quality PLAINTIFFS

v. Case No. 4:26-cv-04059

DOMTAR A.W., LLC DEFENDANT

**ORDER**

Before the Court is the United States' Unopposed Motion to Enter Proposed Consent Decree (ECF No. 5) and Memorandum in Support (ECF No. 5-1). The United States asks the Court to sign the parties' proposed Consent Decree and enter it as a final judgment.

On July 24, 2026, the United States filed its Complaint (ECF No. 2), a Notice of Lodging of Proposed Consent (ECF No. 3), and the proposed Consent Decree (ECF No. 3-1). The Complaint alleges that Defendant violated the Clean Air Act and Arkansas Water and Air Pollution Control Act ("AWAPCA"), Ark. Code Ann. § 8-4-301 et seq. The Complaint further alleges that Defendant violated the Clean Air Act and AWAPCA through its operations at its kraft pulp and paper mill facility in Ashdown, Arkansas. On July 30, 2026, the United States published a notice of the lodging of the proposed Consent Decree in the Federal Register to solicit public comments for a period of 30 days. See 28 C.F.R. § 50.7. The public comment period has ended, and no public comments were received.

The Court "is required to review a proposed consent decree for fairness, reasonableness, and consistency with [the statute]." United States v. Union Elec. Co., 132 F.3d 422, 430 (8th Cir. 1997). Courts review the fairness of a consent decree based on both the procedural fairness of the

settlement process and the substantive fairness of the resulting agreement. See United States v. BP Amoco Oil PLC, 277 F.3d 1012, 1018 (8th Cir. 2002).

Having reviewed the Consent Decree, the Court finds that it is fair, reasonable, and consistent with the purposes of the Clean Air Act. The parties' settlement negotiations were procedurally fair, and the Consent Decree is substantively fair given the nature of Defendant's conduct. The Consent Decree is also reasonable and consistent with the Clean Air Act because it requires that Defendant cease activities that violate the Act and pay a substantial civil penalty for its past violations.

Upon consideration and for good cause shown, the Court finds that the instant motion (ECF No. 5) should be and hereby is **GRANTED**. The Court will sign and enter the Consent Decree. Upon entry of the Consent Decree, the Clerk of Court is **DIRECTED** to close this case. The Court will retain jurisdiction for the purpose of enforcing the terms of the Consent Decree.

**IT IS SO ORDERED**, this 21st day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge